COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Frank

OSCAR R. WHITE

v.   Record No. 2345-98-2

C. J. COAKLEY COMPANY, INC. AND
 HARTFORD FIRE INSURANCE COMPANY                MEMORANDUM OPINION*
                                                  PER CURIAM
WILBERT E. WHITE                                MAY 4, 1999

v.   Record No. 2346-98-2

C. J. COAKLEY COMPANY, INC. AND
 HARTFORD FIRE INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Gary W. Kendall; Michie, Hamlett, Lowry,
          Rasmussen & Tweel, P.C., on brief), for
          appellants.

          (Benjamin J. Trichilo; Trichilo, Bancroft,
          McGavin, Horvath & Judkins, P.C., on brief),
          for appellees.


     Oscar R. White and Wilbert E. White ("claimants") contend

that the Workers' Compensation Commission ("commission") erred in

denying their claims for an award of benefits for asbestosis, an

occupational disease, on the ground that they failed to prove that

they were last injuriously exposed to asbestos at the St.

Elizabeth's Hospital jobsite during 1983 and 1984 while employed

by C.J. Coakley Company, Inc. ("employer").  Upon reviewing the

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

record and the briefs of the parties, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Unless

we can say as a matter of law that the claimants' evidence

sustained their burden of proof, the commission's findings are

binding and conclusive upon us.  See Tomko v. Michael's

Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying the claims, the commission found the testimony of

employers' witnesses more credible than the claimants' testimony.

In so ruling, the commission found as follows:

> Oscar White's testimony is questionable.  He said he could tell asbestos by sight and believed the products being installed at St. Elizabeth's Hospital contained asbestos. The more credible evidence of [C.J.] Coakley established that asbestos was not used in plaster materials since the early 1970's.
> Wilbert White testified that he could identify asbestos because it made him cough. He presumably identified asbestos he and his brother worked with at St. Elizabeth's Hospital that way.  However, this testing is contradicted by his statements that the asbestos was not reported to the employer because he did not know it was asbestos at the time.
> Coakley and Scafide, and even Wilbert White, testified that the seven buildings on which they worked through 1984 had already been gutted before work by the Coakley crews commenced.  These building sites were visited several times in 1983 and 1984 by

- 2 -

> Scafide, who found no safety violations. Furthermore, neither Coakley or Scafide could testify that any asbestos had been removed from the first seven buildings, the only buildings on which the claimants worked. There is therefore no credible evidence that there was asbestos in the seven buildings worked on by Wilbert White and Oscar White.
>
> Even if we were to accept the testimony of Oscar and Wilbert White that asbestos removal crews worked at opposite ends of the building where the claimants worked, although this flies in the face of standard asbestos removal procedures, this is insufficient to show exposure to asbestos materials in the areas where the claimants worked.

The commission's factual findings are amply supported by the record. In its role as fact finder, the commission was entitled to accept the testimony of Coakley and Scafide and to reject the claimants' testimony. It is well settled that credibility determinations are within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Based upon the testimony of Coakley and Scafide, which the commission was entitled to accept, we cannot say as a matter of law that claimants' evidence sustained their burden of proof.

For these reasons, we affirm the commission's decision.

Affirmed.